IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cr. No. 07-20253-STA |
| ) | |
| BRADLEY REEVES FORSYTHE, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR *BRADY* MATERIAL**

On August 28, 2008, the Court conducted a Pretrial Conference in this matter at which time Defendant Bradley Reeves Forsythe moved for the production of *Brady* material in the possession of the Government. Specifically, Defendant seeks the production of the written investigative notes of an FBI agent who interviewed Defendant's wife during the course of the FBI's investigation in this case. The Government has disclosed to Defendant that his wife's statements could be considered exculpatory. However, the Government argues that the notes themselves are not proper for disclosure under *Brady*.

The Court finds that Defendant is not entitled to pre-trial production of the FBI agent's notes. In *United States v. Graham*, the Sixth Circuit held that "there is no *Brady* violation if the defendant knew or should have known the essential facts permitting him to take advantage of the information in question, or if the information was available to him from another source."[1]

---

[1] 484 F.3d 413, 417 (6th Cir. 2007) (citing *Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2001)). *See also U.S. v. Coker*, 514 F.3d 562, 570 (6th Cir. 2008); *Spirko v. Mitchell*, 368 F.3d

1

Clearly the information contained in the FBI agent's notes would be available to Defendant from his own wife.

The Court finds the case of *United States v. Todd* particularly persuasive on this point.[2] In *Todd*, the defendant sought the production of FBI reports based on interviews the FBI conducted with the defendant's brother and his brother's girlfriend. The Government had disclosed to defendant that both his brother and his brother's girlfriend had information that could possibly exculpate defendant, yet the Government refused to produce the FBI reports containing that information. The defendant in *Todd* argued that the statements given to the FBI contained a fresher recollection of events than statements the same witnesses might make at a later time. According to the defendant then, the Government was required to produce the FBI reports in order to satisfy its *Brady* obligations. The Sixth Circuit disagreed. Applying the principle that there was no *Brady* violation where information was available to a defendant from another source, the Sixth Circuit determined that "defendant was aware of the essential facts that would enable him to take advantage of the exculpatory evidence."[3] The Sixth Circuit concluded that the Government had fulfilled its *Brady* obligations even though the reports were not produced for the defendant.

In light of the foregoing, the Court holds that the Government has met its duty to disclose exculpatory material under *Brady* in this case. The Government has made Defendant aware of

---

603, 610 (6th Cir. 2004); *U.S. v. Brown*, 332 F.3d 363, 369 (6th Cir. 2003); *U.S. v. Tarwater*, 308 F.3d 494, 515 (6th Cir. 2002); *U.S. v. Corrado*, 227 F.3d 528, 538 (6th Cir. 2000); U.S. v. Clark, 928 F.2d 733, 738 (6th Cir. 1991); *cert. denied*, 502 U.S. 846 (1991).

[2] 920 F. 2d 399 (6th Cir. 1990).

[3] *Id*. at 405.

the statements his wife made to the FBI which would "enable him to take advantage of" potentially exculpatory information.  Therefore, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED**.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES MAGISTRATE JUDGE

                                        Date: August 29th, 2008.